## No. 7860.

### GEORGE S. WELLS vs. CITY OF NEW ORLEANS.

In this case, Plaintiff having obtained an Injunction "restraining the City of New Orleans from closing or interfering with his business (that of coffee-house with theatrical performances or vocal music), and from collecting the sum of $1500, as license on said business," the City reconvened in its Answer, claiming payment of the license-tax and praying for an Injunction, "restraining Plaintiff from continuing to carry on his business until he shall have paid the said license." The *District Judge refused to grant the Injunction prayed for by the City.*

HELD that the provisional Injunction granted Plaintiff, was no reason why the Injunction prayed for by the City should be refused; and that the District Judge is ordered to grant the latter.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor,* J.

---

S. Belden for Plaintiff and Appellee.

Samuel P. Blanc, Assistant City Attorney, for Defendant and Appellant.

---

The opinion of the Court was delivered by

LEVY, J. This is an appeal from an order of refusal of the Sixth District Court, of the parish of Orleans, to grant an injunction "re-

straining the plaintiff, Wells, from continuing to carry on the business of coffee-house with theatrical performances or vocal music," until he shall have paid the license-tax imposed by the city of New Orleans for the year 1880. The defendant alleges that this refusal works irreparable injury to the city of New Orleans, and contains error to the prejudice of the city, and aggrieves it.

On the 27th February, 1880, the plaintiff filed his petition in the Sixth District Court, in which he avers, that the city had fixed his license on the business mentioned at one thousand five hundred dollars for the year 1880, and notified him to pay the same. He further avers, that this license-tax is unconstitutional, because under article 206 of the constitution of 1879, all political corporations are inhibited from imposing a greater license-tax than is imposed by the General Assembly for State purposes. Plaintiff also contends in his petition, that the Revenue Act of 1872, under which licenses had theretofore been collected, was not in force, but had been abrogated by the adoption of the Constitution of 1879. For these reasons plaintiff prayed for an injunction " restraining the city of New Orleans from closing or interfering with his said business at 32 Royal street, and from collecting said sum of $1500 as license on said business."

The injunction prayed for was issued ; a motion to dissolve, as in case of giving bond, was denied. The defendant filed an answer on the 9th of March, in which there is set up a reconventional demand claiming the payment of the sum of $1500 (the license-tax), with ten per cent per annum interest, and $500 damages, and praying for an injunction enjoining and restraining the plaintiff (Wells) from continuing to carry on the business aforesaid, until he shall have paid the license-tax claimed. The court a qua refused to grant this injunction, and from this order of refusal this appeal was taken.

The only question presented for our decision, and which will be considered by us, is whether the court erred in refusing the injunction. The case is pending on its merits on the docket of the Sixth District Court, the legality and constitutionality of the ordinance imposing the tax, or rather as to the amount imposed and sought to be collected, is before that court, and it will be time enough for us to pass thereon when it is properly and directly brought before us. We confine ourselves to the single issue : Was the city entitled to the injunction prayed for?

In the case of the State ex rel. City of New Orleans vs. the Judge of the Sixth District Court, recently decided by us, in which the city applied to the court for a writ of mandamus to compel the judge to grant the injunction, from the refusal of the lower court to grant which this appeal is taken, we held " that this Court would not in such case as was therein presented, issue mandamus to compel an inferior judge to
44

grant an injunction ;" and in declining to issue the mandamus, the Court held : "If there be error, it must be remedied by appeal." In *this* appeal, however, we are not called upon to decide on the merits of the case ; we confine ourselves alone to the refusal of the judge *a quo* to issue the injunction sought by the city in its answer and reconventional demand. The validity and constitutionality of the city ordinance imposing the license-tax is a question involved in the suit now pending in and to be decided by the Sixth District Court.

The judge *a quo* gave no reasons, appearing in the transcript, for his refusal to grant the order ; we therefore deal with the matter as presented by the record before us. It is not material in the consideration of the issue with which we are now dealing, to inquire into the validity of the injunction against the city, granted on the application of the plaintiff Wells. It is enough for the purpose of an inquiry that this injunction is in existence, and we must presume that it was granted upon a proper showing justifying the action of the District Judge. Does the existence of that injunction deprive the city of its right to the remedy which it seeks ? We think not. The city of New Orleans has the right to avail itself of the remedy which the law gives. If the city had instituted its proceedings in an independent and original action, seeking this writ to aid in the enforcement and collection of the license-tax, it cannot be denied that it would be entitled to such writ, and we cannot conceive that the same right cannot be exercised in aid of its reconventional demand, which in its nature is between the parties on original demand countenanced rather than discountenanced by the courts, as avoiding multiplicity of suits. The only argument which can be adduced against the issuance of the injunction prayed for in the answer, is that the existence of that obtained by the plaintiff restraining and inhibiting the city from "closing up or interfering with petitioner's place of business, and from collecting the sum of $1500 as license on said business, until the further order of court," prevented the same court from granting the order for injunction sought by the city, because the court would thus nullify its previous action, and having refused to dissolve the plaintiff's injunction, would, by granting the injunction in behalf of the city, practically do by indirection what it had refused to do directly. It must be observed that the first is only a preliminary injunction ; that it has never been passed upon definitively on its merits, or in any manner perpetuated ; *non constat*, that it will be maintained ; and if the city's injunction is granted, how can it be said that on a proper showing on motion it may not be dissolved ? And besides, we cannot perceive how the plaintiff can suffer irreparable injury, when, upon compliance with law and execution of sufficient bond, it may be set aside. It can hardly be contended, and we surely will not recognize

the proposition, that the judge of the Sixth District Court by granting to Wells the preliminary injunction intended or contemplated to forbid the city a resort to legal proceedings and auxiliary legal remedies, or in other words, virtually enjoined itself from the exercise of judicial powers. It would be an unreasonable construction to place upon the wording of the writ of injunction " restraining from closing up or interfering with the business of petitioner," to stretch its meaning to include an inhibition on the city to bring suit and seek by *legal means* to enforce in the courts the collection of its claim. If such had been the avowed object of the plaintiff, we do not think his prayer for his injunction should have been entertained.

We construe the injunction issued against the city as being confined in its restraining character to interference by extra-judicial means for non-payment of license-tax.

It is therefore ordered, adjudged, and decreed that the order of the Sixth District Court refusing the injunction prayed for by the city of New Orleans in this suit be reversed and set aside, and the case be remanded for further proceedings according to law, with instructions to the judge of said court to grant the preliminary injunction prayed for by the city in the reconventional demand, and that the plaintiff, appellee, do pay the costs of this appeal.